IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| GLORIA PAAU, <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC BLUEBERRY COMPANY; <br> CHINO HARVESTING, LLC; <br> CORNERSTONE CAPITAL GROUP, INC.; <br> and JOHN DOE #1 A/K/A "DON CHINO", <br><br> Defendants. | Civil Action No.: 2:22-cv-1446 <br><br> **JURY TRIAL DEMANDED** |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant Atlantic Blueberry Company, Inc. (incorrectly identified as Atlantic Blueberry Company) by and through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 (a) (1), 1441(a) and (b) (1) and 1446 (a) (b) and (d) to remove this action from the Court of Common Pleas of Philadelphia County, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and avers in support thereof as follows:

1. On March 10, 2022, Plaintiff instituted suit in the Court of Common Pleas of Philadelphia County (State Court) by filing a Complaint against Defendants. (See Complaint attached as Exhibit 'A')

2. It is alleged that Plaintiff, Gloria Paau, resides in the Commonwealth of Pennsylvania. (See Exhibit A ¶ 1)

3. Defendant, Atlantic Blueberry Company, Inc. (incorrectly identified as Atlantic Blueberry Company) (hereinafter "Atlantic Blueberry") has a principal place of business

located at 7201 Weymouth Road, Hammonton, NJ (See Exhibit A ¶ 2)

4. Defendant Atlantic Blueberry Company, Inc. is incorporated in New Jersey.

5. It is alleged in the Complaint that defendant, Chino Harvesting, LLC is a limited liability company with a principal place of business located at 6200 Black Horse Pike, Mays Landing, NJ 08330 (See Exhibit A ¶ 3).

6. Chino Harvesting, LLC is a limited liability company incorporated in Florida with a principal address of 2883 Barton Place, Bartow, FL 33830. (See document from Florida's Division of Corporations website attached as Exhibit 'B')

7. It is alleged in the Complaint that defendant, Cornerstone Capital Group, Inc. is a corporation with a principal place of business located at 6200 Black Horse Pike, Mays Landing, NJ 08330 (See Exhibit A ¶ 4).

8. Defendant Cornerstone Capital Group, Inc. is a New Jersey corporation with a principal place of business at 239 Taunton Boulevard, Suite D, Medford, NJ 08055.

9. It is alleged in the Complaint that defendant, John Doe #1 a/k/a "Don Chino" is an individual who upon information and belief resides in Philadelphia, PA. (See Exhibit A ¶ 5)

10. No specific address was listed for John Doe #1 a/k/a "Don Chino" in the Complaint.

11. Upon information and belief, John Doe #1 a/k/a "Don Chino" is Edwin "Chino" Torres who is the owner of defendant Chino Harvesting, LLC.

12. Edwin "Chino" Torres lives in Florida. (See email chain with Edwin "Chino" Torres attached at Exhibit 'C')

13. Edwin "Chino" Torres has never lived in Philadelphia, PA. (See Exhibit C)

14. In the event that John Doe #1 a/k/a "Don Chino" is not Edwin "Chino" Torres, pursuant to 28 U.S. C. § 1441 (b) (1), "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332 (a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

15. In the Complaint, Plaintiff alleges that she sustained serious, severe, disabling, and permanent injuries including but not limited to a Type II superior labrum from anterior to posterior ("SLAP") tear of the right shoulder which necessitated surgery with permanent scarring, a concussion, vestibular dysfunction, cognitive dysfunction, post-traumatic headaches, pain in right arm, pain in hips, cervical and lumbar pain, pain in shoulders, sprain of ligaments of lumbar spine, a contusion of the right shoulder and other possible injuries. (See Exhibit A ¶ 21).

16. In the Complaint, Plaintiff also alleges that Plaintiff may be compelled to expend large sums of money for physicians, hospitals, medical apparatuses, nursing care in an effort to permanently and thoroughly cure herself of the injuries and/or pain and suffering. (See Exhibit A ¶ 24).

17. The Complaint includes clauses seeking in excess of $50,000. (See Exhibit A)

18. On April 12, 2022, counsel for Defendant, Atlantic Blueberry contacted Plaintiff's Counsel to request a demand to settle.

19. Based on the serious, severe, disabling, and permanent injuries and damages alleged in the Complaint, it is believed that plaintiff's damages exceed $75,000.

20. Accordingly, Defendant Atlantic Blueberry now timely files this Notice of Removal because the Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between Plaintiff and

Defendants and the amount in controversy exceeds $75,000.

21. The United States District Court for the Eastern District of Pennsylvania is the federal judicial district encompassing Philadelphia County, Pennsylvania, where the State Action was filed. For purposes of removal, venue lies in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a).

22. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains a "copy of all process, pleadings, and orders served upon the defendants in this action." (See documents attached as Exhibit D).

23. Prompt written notice of this Notice of Removal is being sent to Plaintiff through her counsel and all parties, and a copy of this Notice of Removal is being filed with the Prothonotary of the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, as required by 28 U.S.C. § 1446(d).

**I. REMOVAL IS PROPER BASED UPON DIVERSITY JURISDICTION BECAUSE PLAINTIFF AND DEFENDANTS ARE CITIZENS OF DIFFERENT STATES AND THE AMOUNT IN CONTROVERSEY EXCEEDS $75,000**.

24. Pursuant to 28 U.S.C. § 1446 (a), "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division with which such action is pending a notice of removal..."

25. The district courts of the United States have original jurisdiction over matters between citizens of different States where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (a)(1).

### A. PLAINTIFF AND DEFENDANTS ARE CITIZENS OF DIFFERENT STATES

26. A natural person is deemed to be a citizen of the state where he is domiciled. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d. Cir. 2015).

27. At all relevant times, Plaintiff, Gloria Paau, is a citizen of the Commonwealth of Pennsylvania. (See Exhibit A ¶ 1).

28. A corporation is a citizen both of the state where it is incorporated and the state where it has its principal place of business. Id.

29. At all relevant times, Defendant Atlantic Blueberry, is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business at 7201 Weymouth Road, Hammonton, NJ. (See Exhibit A ¶ 2).

30. It is alleged in the Complaint that defendant, Chino Harvesting, LLC is a limited liability company with a principal place of business located at 6200 Black Horse Pike, Mays Landing, NJ 08330 (See Exhibit A ¶ 3).

31. Chino Harvesting, LLC is a limited liability company incorporated in Florida with a principal address of 2883 Barton Place, Bartow, FL 33830. (See Exhibit B)

32. It is alleged in the Complaint that defendant, Cornerstone Capital Group, Inc. is a corporation with a principal place of business located at 6200 Black Horse Pike, Mays Landing, NJ 08330 (See Exhibit A ¶ 4).

33. Defendant Cornerstone Capital Group, Inc. is a New Jersey corporation with a principal place of business at 239 Taunton Boulevard, Suite D, Medford, NJ 08055.

34. It is alleged in the Complaint that defendant, John Doe #1 a/k/a "Don Chino" is an individual who upon information and belief resides in Philadelphia, PA. (See Exhibit A ¶ 5)

35. No specific address was listed for John Doe in the Complaint.

36. Upon information and belief, John Doe #1 a/k/a "Don Chino" is Edwin "Chino" Torres who is the owner of defendant Chino Harvesting, LLC.

37. Edwin "Chino" Torres lives in Florida. (See Exhibit C)

38. Edwin "Chino" Torres has never lived in Philadelphia, PA. (See Exhibit C)

39. In the event that John Doe #1 a/k/a "Don Chino" is not Edwin "Chino" Torres, pursuant to 28 U.S. C. § 1441 (b) (1), "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332 (a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

40. Accordingly, as plaintiff and defendants are citizens of different states, the requirements of diversity jurisdiction have been satisfied.

B.  THE AMOUNT IN CONTROVERSEY EXCEEDS $75,000

41. "A court must engage in an objective independent appraisal of the claim's value to determine whether the amount in controversy is satisfied." *Judge v. Phila. Premium Outlets*, 2010 U.S. Dist. LEXIS 56762, *8, 2010 WL 2376122 (E.D. Pa. 2010)(citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

42. In cases with demands of indeterminate value, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Id*.

43. The Complaint includes clauses seeking in excess of $50,000. (See Exhibit A)

44. In the Complaint, Plaintiff alleges that she sustained serious, severe, disabling, and permanent injuries including but not limited to a Type II superior labrum from anterior to posterior ("SLAP") tear of the right shoulder which necessitated surgery with permanent

scarring, a concussion, vestibular dysfunction, cognitive dysfunction, post-traumatic headaches, pain in right arm, pain in hips, cervical and lumbar pain, pain in shoulders, sprain of ligaments of lumbar spine, a contusion of the right shoulder and other possible injuries. (See Exhibit A ¶ 21).

45. In the Complaint, Plaintiff also alleges that Plaintiff may be compelled to expend large sums of money for physicians, hospitals, medical apparatuses, nursing care in an effort to permanently and thoroughly cure herself of the injuries and/or pain and suffering. (See Exhibit A ¶ 24).

46. Based upon the allegations contained in the Complaint, Defendant Atlantic Blueberry has a good faith belief that the matter in controversy exceeds the value of $75,000.

## II. THE NOTICE OF REMOVAL WAS TIMELY FILED

47. The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b)(1).

48. Plaintiff served defendant Atlantic Blueberry on March 14, 2022. (See Affidavit of Service attached as Exhibit 'E').

49. As such, this Notice of Removal was timely filed within 30 days following service.

**WHEREFORE**, Defendant, Atlantic Blueberry Company, Inc. (incorrectly identified as Atlantic Blueberry Company), respectfully requests that this State action be removed from

Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

        Respectfully submitted,

        **LAW OFFICE OF DENNIS O. WILSON**

        */s/ Joseph A. Juliana*

        _____
        JOSEPH A. JULIANA, ESQUIRE
        ID. NO. 59523
        309 Fellowship Road, Suite 330
        Mount Laurel, NJ 08054
        Joseph.Juliana@selective.com
        856-778-3213; 855-515-8186 (fax)
        *Attorney for Defendant,*
        Atlantic Blueberry Company, Inc. (incorrectly identified as Atlantic Blueberry Company)

**Dated:  April 13, 2022**