*Exhibit A*

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**MARCH 2022**
E-Filing Number: 2203024573

**001158**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>GLORIA PAAU | **DEFENDANT'S NAME**<br>ATLANTIC BLUEBERRY COMPANY |
| **PLAINTIFF'S ADDRESS**<br>1805 EMERSON STREET<br>PHILADELPHIA PA 19152 | **DEFENDANT'S ADDRESS**<br>7201 WEYMOUTH ROAD<br>HAMMONTON NJ 08037 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>CHINO HARVESTING, LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>6200 BLACK HORSE PIKE<br>MAYS LANDING NJ 08330 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>CORNERSTONE CAPITAL GROUP, INC. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>6200 BLACK HORSE PIKE<br>MAYS LANDING NJ 08330 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: _____ | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**
2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
MAR 10 2022
S. RICE

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES    NO

---

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>GLORIA PAAU</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ANTHONY J. LEONARD | LAW OFFICES OF ANTHONY J LEON<br>1600 LOCUST ST<br>PHILADELPHIA PA 19103 |
| **PHONE NUMBER**: (215)660-3133 | **FAX NUMBER**: none entered |
| **SUPREME COURT IDENTIFICATION NO.**: 203939 | **E-MAIL ADDRESS**: aleonard@leonardinjuryfirm.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**: ANTHONY LEONARD | **DATE SUBMITTED**: Thursday, March 10, 2022, 03:12 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

LAW OFFICES OF ANTHONY J. LEONARD, LLC
By:   Anthony J. Leonard, Esq.
      Benjamin E. Smith, Esq.
      Attorney ID Nos.: 203939 & 323262
1600 Locust Street
Philadelphia, PA 19103
(p) 215-660-3133



*Filed and Attested by the Office of Judicial Records 10 MAR 2022 03:12 pm S. RICE*

| | |
|---|---|
| **GLORIA PAAU**<br>1805 Emerson Street<br>Philadelphia, PA 19152<br>                    Plaintiff,<br><br>        V.<br><br>**ATLANTIC BLUEBERRY COMPANY**<br>7201 Weymouth Rd<br>Hammonton, NJ 08037<br><br>**CHINO HARVESTING, LLC**<br>6200 Black Horse Pike<br>Mays Landing, NJ 08330<br><br>**CORNERSTONE CAPITAL GROUP, INC.**<br>6200 Black Horse Pike<br>Mays Landing, NJ 08330<br><br>**JOHN DOE #1 A/K/A "DON CHINO"**<br><br>                    Defendants | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>March Term, 2022<br><br>No.: |

**COMPLAINT – CIVIL ACTION**
**PEMISES LIABILITY – SLIP AND FALL – 2S**
**NOTICE TO DEFEND**

<table>
<tr><td>

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by

</td><td>

the plaintiff. You may lose money or property or other rights important to you. You should take this paper to

your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.
Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

</td></tr>
</table>

Case ID: 220301158

TTY (215) 451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 220301158

LAW OFFICES OF ANTHONY J. LEONARD, LLC
By:   Anthony J. Leonard, Esq.
       Benjamin E. Smith, Esq.
       Attorney ID Nos.: 203939 & 323262
1600 Locust Street
Philadelphia, PA 19103
(p) 215-660-3133

| | |
|---|---|
| **GLORIA PAAU**<br>1805 Emerson Street<br>Philadelphia, PA 19152<br>               Plaintiff,<br><br>      V.<br><br>**ATLANTIC BLUEBERRY COMPANY**<br>7201 Weymouth Rd<br>Hammonton, NJ 08037<br><br>**CHINO HARVESTING, LLC**<br>6200 Black Horse Pike<br>Mays Landing, NJ 08330<br><br>**CORNERSTONE CAPITAL GROUP, INC.**<br>6200 Black Horse Pike<br>Mays Landing, NJ 08330<br><br>**JOHN DOE #1 A/K/A "DON CHINO"**<br><br>               Defendants | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>March Term, 2022<br>No.: |

Plaintiff, Gloria Paau ("Plaintiff"), by and through her attorneys, Law Offices of Anthony J. Leonard, LLC, hereby files this Complaint against the above-captioned Defendants and respectfully represents and avers as follows:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff is an adult individual who currently resides at the above-captioned address.

2. Defendant, Atlantic Blueberry Company ("ABC"), is a corporation with a principal place of business located at the above-captioned address.

3

Case ID: 220301158

3. Defendant, Chino Harvesting, LLC ("Chino Harvesting"), is a limited liability company with a principal place of business located at the above-captioned address.

4. Defendant, Cornerstone Capital Group, Inc. ("Cornerstone"), is a corporation with a principal place of business located at the above-captioned address.

5. Defendant, John Doe #1, also known as "Don Chino," is an adult individual who upon information and belief resides in Philadelphia, Pennsylvania. The Doe designation is averred to be fictitious. Upon information and belief, "Don Chino" is also a fictitious name provided to the Plaintiff. After reasonable investigation and due diligence, Plaintiff has been unable to ascertain the true identity of Don Chino.

6. ABC, Chino Harvesting, Cornerstone, and Don Chino are sometimes collectively referred to herein as "Defendants."

7. On or about June 27, 2020, Plaintiff was employed by Don Chino in Philadelphia, Pennsylvania.

8. At all relevant times, Don Chino directed, managed, supervised, and/or instructed Plaintiff in her work duties.

9. At all relevant times, Don Chino paid Plaintiff cash in return for her labor.

10. Don Chino also operated a bus which would pick up the Plaintiff and other employees and drive them to work locations.

11. On June 27, 2020, Don Chino drove the Plaintiff and other individuals from Philadelphia, Pennsylvania to 7201 Weymouth Rd, Hammonton, NJ 08037 ("the Premises").

12. Upon information and belief, the Premises was owned/leased/possessed/controlled/maintained by ABC, Chino Harvesting, and Cornerstone.

Case ID: 220301158

13. On or about June 27, 2020, Don Chino directed Plaintiff to load boxes of blueberries onto a conveyor belt at the Premises.

14. At the same time and place, Plaintiff was caused to slip and fall due to a dangerous, slippery surface caused by an accumulation of crushed blueberries, grime, other substances, and a failure to properly maintain the floors.

15. When the incident occurred, employees/agents/supervisors of Defendants did not render aid, and indicated that Don Chino needed to be in "control of the situation" since Plaintiff was his employee.

16. When the incident occurred, employees/agents/supervisors of Defendants expressly disavowed any control of the Plaintiff's work.

17. After the incident occurred, Don Chino drove the Plaintiff back to Philadelphia, and rather than calling her an ambulance or driving her to a hospital dropped her off without rendering any aid whatsoever. It is averred that Plaintiff's injuries as described herein worsened due to Don Chino's intentional acts, dereliction of his duties as her employer, and forceful delay of Plaintiff's treatment.

18. At all relevant times, Don Chino was in control of the Plaintiff, her work, her injuries, and her transportation back to Philadelphia, Pennsylvania.

19. At all relevant times, Plaintiff received her pay directly from Don Chino.

20. Plaintiff never signed or executed any contract or written agreement with any of the Defendants.

21. As a result of Defendants' conduct, Plaintiff sustained severe, debilitating, and permanent personal injuries, including but not limited to: a Type II superior labrum from anterior to posterior ("SLAP") tear of the right shoulder, which necessitated surgery with permanent scarring, a

concussion, vestibular dysfunction, cognitive dysfunction, post-traumatic headaches, pain in right arm, pain in left hip, pain in right hip, lumbar pain, cervical pain, pain in right shoulder, pain in left shoulder, sprain of ligaments of lumbar spine, a contusion of the right shoulder, and other injuries that her physicians may well diagnose in the future.

22. As a further result of the Defendants' conduct, Plaintiff has in the past and will in the future suffer from grievous pain, mental anxiety and stress, embarrassment, humiliation, discomfort, and inconvenience, and may continue to suffer same for an indefinite time in the future.

23. Plaintiff has been and may in the future be hindered and prevented from attending to her usual daily activities to her great detriment and loss.

24. As a further result of the Defendants' conduct, Plaintiff has been and will be compelled to expend large sums of money for physicians, hospitals, medical apparatuses, nursing care and the like in an effort to permanently and thoroughly cure herself of the injuries and/or pain and suffering.

25. As a result of the Defendants' conduct, Plaintiff has incurred or may hereafter incur other financial expenses or losses.

26. The negligent and/or careless actions and/or omissions of the Defendants were the proximate cause of the incident described herein and the severe personal injuries which Plaintiff suffered as a result thereof.

27. The incident was due solely to the negligence and/or carelessness of the Defendants and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

28. Venue is proper in Philadelphia County pursuant to the Pennsylvania Rules of Civil Procedure because ABC conducts direct and continuous business which is essential to its corporate objectives, including, but not limited to, using the Port of Philadelphia to import its

Case ID: 220301158

machinery/equipment used at the Premises. ABC advertises and sells its product in Philadelphia, Pennsylvania. Upon information and belief, Don Chino resides in Philadelphia, Pennsylvania, and conducts his business within the city as well. Chino Harvesting and Cornerstone are involved in the harvesting, processing, packaging, delivery, and sale of blueberries to and in Philadelphia, Pennsylvania.

## FIRST COUNT
### *Negligence*
### Plaintiff v. ABC

29. Plaintiff incorporates Paragraphs 1 through 28 by reference as though same were fully set forth at length.

30. ABC maintained, possessed, controlled, owned, and/or leased the Premises.

31. As the owner, lessee, and/or possessor, of the Premises, ABC owed Plaintiff a duty to inspect, repair, remediate, and/or maintain the safety of the Premises.

32. The uncleaned, untreated, and/or negligently treated accumulation of squashed blueberries, grime, and/or other slick substances on the Premises posed an unreasonable risk to Plaintiff and others lawfully on the Premises.

33. ABC knew or reasonably should have known of the unreasonable risk of harm posed by the previously described condition on the Premises.

34. ABC did not exercise reasonable care to protect Plaintiff against said dangers through its own negligence and/or carelessness, including:

   a. negligently creating a dangerous condition by failing to treat and/or clean the accumulation of squashed blueberries, grime, and/or other slick substances, which constituted a dangerous and defective condition, on the Premises;

b. allowing a dangerous and/or defective condition to exist on the Premises of which it knew and/or should have known by the exercise of reasonable care;

c. failing to correct said dangerous and/or defective conditions of which ABC knew or shave have known and which constituted a danger to Plaintiff and other persons lawfully walking thereon;

d. failing to keep and maintain the Premises in a reasonably safe condition for us by Plaintiff and other persons lawfully walking thereon;

e. failing to warn persons at the Premises of the existence of such dangerous conditions of which it knew or should have known;

f. failing to inspect the Premises at reasonable intervals in order to determine the defective and dangerous conditions thereon;

g. disregarding the rights and safety of Plaintiff;

h. negligently hiring others to perform work on the Premises including inspection, maintenance, repair, remediation, and treatment of any accumulation of squashed blueberries, grime, and/or other slick substances on the Premises;

i. Failing to properly supervise and/or hire competent individuals to make the Premises reasonably safe for Plaintiff and other persons walking lawfully thereon;

j. Failing to ensure the reasonable safety of the Premises.

35. Said conditions created a reasonably foreseeable risk of the kind of injuries which were sustained by Plaintiff.

36. The aforementioned conduct of ABC constitutes a breach of duty owed to Plaintiff and other persons lawfully walking on the Premises.

Case ID: 220301158

**WHEREFORE**, Plaintiff demands judgment against ABC in a sum in excess of $50,000.00, together with interest, costs of suit and attorney's fees, and such other and further relief as this Court deems just and proper.

## SECOND COUNT
### *Negligence*
### Plaintiff v. Chino Harvesting

37. Plaintiff incorporates Paragraphs 1 through 36 by reference as though same were fully set forth at length.

38. Chino Harvesting maintained, possessed, controlled, owned, and/or leased the Premises.

39. As the owner, lessee, and/or possessor, of the Premises, Chino Harvesting owed Plaintiff a duty to inspect, repair, remediate, and/or maintain the safety of the Premises.

40. The uncleaned, untreated, and/or negligently treated accumulation of squashed blueberries, grime, and/or other slick substances on the Premises posed an unreasonable risk to Plaintiff and others lawfully on the Premises.

41. Chino Harvesting knew or reasonably should have known of the unreasonable risk of harm posed by the previously described condition on the Premises.

42. Chino Harvesting did not exercise reasonable care to protect Plaintiff against said dangers through its own negligence and/or carelessness, including:

   a. negligently creating a dangerous condition by failing to treat and/or clean the accumulation of squashed blueberries, grime, and/or other slick substances, which constituted a dangerous and defective condition, on the Premises;

   b. allowing a dangerous and/or defective condition to exist on the Premises of which it knew and/or should have known by the exercise of reasonable care;

Case ID: 220301158

c. failing to correct said dangerous and/or defective conditions of which it knew or shave have known and which constituted a danger to Plaintiff and other persons lawfully walking thereon;

d. failing to keep and maintain the Premises in a reasonably safe condition for us by Plaintiff and other persons lawfully walking thereon;

e. failing to warn persons at the Premises of the existence of such dangerous conditions of which it knew or should have known;

f. failing to inspect the Premises at reasonable intervals in order to determine the defective and dangerous conditions thereon;

g. disregarding the rights and safety of Plaintiff;

h. negligently hiring others to perform work on the Premises including inspection, maintenance, repair, remediation, and treatment of any accumulation of squashed blueberries, grime, and/or other slick substances on the Premises;

i. Failing to properly supervise and/or hire competent individuals to make the Premises reasonably safe for Plaintiff and other persons walking lawfully thereon;

j. Failing to ensure the reasonable safety of the Premises.

43. Said conditions created a reasonably foreseeable risk of the kind of injuries which were sustained by Plaintiff.

44. The aforementioned conduct of Chino Harvesting constitutes a breach of duty owed to Plaintiff and other persons lawfully walking on the Premises.

Case ID: 220301158

**WHEREFORE**, Plaintiff demands judgment against Chino Harvesting in a sum in excess of $50,000.00, together with interest, costs of suit and attorney's fees, and such other and further relief as this Court deems just and proper.

### THIRD COUNT
*Negligence*
**Plaintiff v. Cornerstone**

45. Plaintiff incorporates Paragraphs 1 through 44 by reference as though same were fully set forth at length.

46. Cornerstone maintained, possessed, controlled, owned, and/or leased the Premises.

47. As the owner, lessee, and/or possessor, of the Premises, Cornerstone owed Plaintiff a duty to inspect, repair, remediate, and/or maintain the safety of the Premises.

48. The uncleaned, untreated, and/or negligently treated accumulation of squashed blueberries, grime, and/or other slick substances on the Premises posed an unreasonable risk to Plaintiff and others lawfully on the Premises.

49. Cornerstone knew or reasonably should have known of the unreasonable risk of harm posed by the previously described condition on the Premises.

50. Cornerstone did not exercise reasonable care to protect Plaintiff against said dangers through its own negligence and/or carelessness, including:

    a. negligently creating a dangerous condition by failing to treat and/or clean the accumulation of squashed blueberries, grime, and/or other slick substances, which constituted a dangerous and defective condition, on the Premises;

    b. allowing a dangerous and/or defective condition to exist on the Premises of which it knew and/or should have known by the exercise of reasonable care;

Case ID: 220301158

c. failing to correct said dangerous and/or defective conditions of which it knew or shave have known and which constituted a danger to Plaintiff and other persons lawfully walking thereon;

d. failing to keep and maintain the Premises in a reasonably safe condition for us by Plaintiff and other persons lawfully walking thereon;

e. failing to warn persons at the Premises of the existence of such dangerous conditions of which it knew or should have known;

f. failing to inspect the Premises at reasonable intervals in order to determine the defective and dangerous conditions thereon;

g. disregarding the rights and safety of Plaintiff;

h. negligently hiring others to perform work on the Premises including inspection, maintenance, repair, remediation, and treatment of any accumulation of squashed blueberries, grime, and/or other slick substances on the Premises;

i. Failing to properly supervise and/or hire competent individuals to make the Premises reasonably safe for Plaintiff and other persons walking lawfully thereon;

j. Failing to ensure the reasonable safety of the Premises.

51. Said conditions created a reasonably foreseeable risk of the kind of injuries which were sustained by Plaintiff.

Case ID: 220301158

## FOURTH COUNT
### *Negligence*
### Plaintiff v. John Doe #1 A/K/A "Don Chino"

52. Plaintiff incorporates Paragraphs 1 through 51 by reference as though same were fully set forth at length.

53. Don Chino maintained, possessed, controlled, owned, and/or leased the Premises.

54. As the owner, lessee, and/or possessor, of the Premises, Don Chino owed Plaintiff a duty to inspect, repair, remediate, and/or maintain the safety of the Premises.

55. The uncleaned, untreated, and/or negligently treated accumulation of squashed blueberries, grime, and/or other slick substances on the Premises posed an unreasonable risk to Plaintiff and others lawfully on the Premises.

56. Don Chino knew or reasonably should have known of the unreasonable risk of harm posed by the previously described condition on the Premises.

57. Don Chino did not exercise reasonable care to protect Plaintiff against said dangers through its own negligence and/or carelessness, including:

   a. negligently creating a dangerous condition by failing to treat and/or clean the accumulation of squashed blueberries, grime, and/or other slick substances, which constituted a dangerous and defective condition, on the Premises;

   b. allowing a dangerous and/or defective condition to exist on the Premises of which it knew and/or should have known by the exercise of reasonable care;

   c. failing to correct said dangerous and/or defective conditions of which it knew or shave have known and which constituted a danger to Plaintiff and other persons lawfully walking thereon;

Case ID: 220301158

    d. failing to keep and maintain the Premises in a reasonably safe condition for us by Plaintiff and other persons lawfully walking thereon;

    e. failing to warn persons at the Premises of the existence of such dangerous conditions of which it knew or should have known;

    f. failing to inspect the Premises at reasonable intervals in order to determine the defective and dangerous conditions thereon;

    g. disregarding the rights and safety of Plaintiff;

    h. negligently hiring others to perform work on the Premises including inspection, maintenance, repair, remediation, and treatment of any accumulation of squashed blueberries, grime, and/or other slick substances on the Premises;

    i. Failing to properly supervise and/or hire competent individuals to make the Premises reasonably safe for Plaintiff and other persons walking lawfully thereon;

    j. Failing to ensure the reasonable safety of the Premises.

58. Said conditions created a reasonably foreseeable risk of the kind of injuries which were sustained by Plaintiff.

59. The aforementioned conduct of Don Chino constitutes a breach of duty owed to Plaintiff and other persons lawfully walking on the Premises.

Case ID: 220301158

60. Upon information and belief, Don Chino did not maintain Workers' Compensation Insurance as required by the Pennsylvania's Workers' Compensation Act.

**WHEREFORE**, Plaintiff demands judgment against Don Chino in a sum in excess of $50,000.00, together with interest, costs of suit and attorney's fees, and such other and further relief as this Court deems just and proper.

                **LAW OFFICES OF ANTHONY J. LEONARD, LLC**

                /s/   Anthony J. Leonard
                Anthony J. Leonard, Esquire
                PA Attorney ID: 203939
                Benjamin E. Smith, Esquire
                PA Attorney ID: 323262
                1600 Locust Street
                Philadelphia, PA 19103
                Telephone: 215-660-3133
                Fax: 609-643-4756
                E-mail: ALeonard@LeonardInjuryFirm.Com
                *Attorneys for Plaintiff*

Dated: March 10, 2022

Case ID: 220301158

## **VERIFICATION**

I, Gloria Paau, hereby state that the statements made in the foregoing Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_____
Gloria Paau

Date: 02/17/2022